Elizabeth Cardi TALWAR

v.

Akshay Kumar TALWAR.

No. 95–206—Appeal.

Supreme Court of Rhode Island.

March 13, 1996.

John MacFadyen, III, Susan McGuirl, Providence.

Alfred Factor, William Landry, Providence.

## ORDER

This case came before a panel of the Supreme Court for oral argument on February

20, 1996, pursuant to an order that directed both parties to address only the issue of whether this appeal by the plaintiff Elizabeth Cardi Talwar from a Family Court final judgment of divorce entered November 9, 1994, was properly taken.

Having reviewed the memoranda submitted by the parties and having considered the arguments of counsel, this court is of the opinion that the case was not properly appealed.

After a lengthy trial in the Family Court, a Decision Pending Entry of Final Judgment in respect to the parties' divorce proceeding was entered on July 28, 1994. Neither plaintiff nor Akshay Kumar Talwar, defendant, appealed the decision, although plaintiff filed a motion to reopen the case on August 3, 1994. On November 9, 1994, final judgment was entered, but plaintiff moved to invalidate that final judgment, and on December 12, 1994, the Family Court justice granted plaintiff's motion.

Final judgment was entered on December 23, 1994 to be "effective December 16, 1994 nunc pro tunc." The order entering final judgment also states, "Plaintiff withdraws her pending Motion to Reopen." On the same day plaintiff filed an appeal from the November 9, 1994 final judgment.

The primary issue on appeal is whether the Final Decree entered by the Family Court was an Order or Decree from which an appeal properly lies.

It is well settled that appeals in divorce cases are controlled by G.L. 1956 (1994 Re-enactment) § 14-1-52 which explicitly states that a decision granting a divorce shall not be reviewable upon an appeal from a final decree of divorce. It is clear that although the November 9, 1994 judgment was vacated on December 16, 1994, a subsequent order was entered as of that date "nunc pro tunc," now for then. We therefore hold that final judgment was entered in this case on December 16, 1994, and that such a final judgment is not appealable. Moreover, the motion to reopen which effectively tolled the period for appeal, thereby rendering the present appeal timely, was in fact withdrawn by plaintiff as of December 16, 1994.

Consequently, we deny and dismiss the appeal and remand the papers in the case to the Family Court.

BOURCIER, J., did not participate.